IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED ELECTRICAL, RADIO AND
MACHINE WORKERS OF AMERICA (UE)

           Plaintiff,

v.                                      CIVIL ACTION NO.   2:24-cv-00469

WEST VIRGINIA PUBLIC WORKERS
LOCAL 170, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants' Motion to Dismiss, [ECF No. 16]. Plaintiff responded in opposition, [ECF No. 23], to which Defendants replied, [ECF No. 26]. The matter is now ripe for review.

**I.  Background**

This case involves a dispute between Plaintiff, United Electrical, Radio and Machine Workers of America (UE) ("UE"), a national labor organization and Defendants West Virginia Public Workers Local 170 ("WVPW Local 170") and its current officers (former officers of UE Local 170, a local affiliation of UE). Plaintiff asserts that WVPW Local 170 was created for the purposes of "defunding, defrauding and raiding members from UE Local 170." [ECF No. 1, ¶ 29]. Presently, WVPW Local 170 is in possession of UE Local 170's funds, assets, books, records, computers, and other property.

On September 18, 2007, Plaintiff's General Executive Board issued a charter to UE Local 170 representing public sector workers across West Virginia. *Id.* ¶ 19. UE Local 170 went on to adopt a local constitution identifying (1) UE Local 170 as affiliate to UE and UE Eastern Region and (2) that local union members shall pay dues. *Id.* ¶ 20. More than fifteen years later, on August 28, 2023, Plaintiff received a letter from UE Local 170 President Chris Wolford, that UE Local 170 voted to disaffiliate from UE. *Id.* ¶ 22. Under the UE Constitution a local affiliation is not permitted to disaffiliate, specifically an act of succession is forbidden. *Id.* ¶ 23. Since April 2023, UE Local 170 has been delinquent in paying per capita to UE. *Id.* ¶ 24. Thus, on September 14, 2023, the UE General Executive Board suspended its charter and designated the UE Eastern Region President to take custody of, as well as safeguard all books, records, funds, and property while UE Local 170 was suspended. *Id.* ¶ 25.

Despite three letters demanding the return of UE Local 170's funds, assets, books, records, computers, and property of any kind to UE, the property still has not been returned. *Id.* ¶¶ 26–28. In fact, in November 2023 UE discovered that UE Local 170 President, Chris Wolford, directed that UE Local 170 dues payments should be rerouted to a bank account controlled by him and WVPW Local 170. *Id.* ¶ 30. This continued for five months until counsel for UE sent a cease and desist to the payment vendor instructing the vendor to close its account with WVPW Local 170, cease any further transfer of dues from UE Local 170, and remit all future payment to UE. *Id.* ¶¶ 31, 33.

Plaintiff pleads the following pertaining to this court's jurisdiction over the matter:

> This Court has jurisdiction over this action under Section 301(a) of the LMRA, 29 U.S.C. Section 185(a), which allows federal courts to enforce contracts between labor organizations, including union constitutions. The Court also has jurisdiction under 29 U.S.C. Sections 1331 and 1337, as this action arises under the LMRDA, 29 U.S.C. Section 141, *et seq*. This Court is also vested with jurisdiction under the

>Declaratory Judgment Act 28 U.S.C. Sections 2201 and 2202, to render a declaratory judgment and to grant any other appropriate relief.

[ECF No. 1, ¶ 3].

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) Defendant now seeks to dismiss this matter. [ECF No. 16]. Specifically, the Defendant asserts (1) the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.* does not apply to public workers and public workers' unions, (2) the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA") 29 U.S.C. § 401, *et seq.* does not apply to public workers, (3) the Declaratory Judgment Act of 1934, 28 U.S.C. § 2201 does not provide an independent basis for federal jurisdiction, (4) Plaintiff has failed to state a claim under either the LMRA or LMRDA, and (5) the relief sought violates the Defendants First Amendment and the LMRA. [ECF No. 16].

## II.    Legal Standard

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits.

Title 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

3

### III. Discussion

The question before the court is whether Defendant WVPW Local 170 is a "labor organization" pursuant to the LMRA. I **FIND** it is not and thus **GRANT** Defendants' Motion to Dismiss.[1]

For Plaintiff, a national labor union, to bring a claim under Section 301 of the LMRA against another union, both unions involved must qualify as "labor organizations" under the Act. WVPW Local 1170 is a public employee's labor union comprised solely of public employees and is therefore not considered a "labor organization" under the LMRA. The LMRA applies only to private-sector labor relations and explicitly exclude public-sector employees and their unions.

Section 301(a) of the LMRA provides in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The terms "employer" and "employee" are defined in § 152 of the National Labors Relations Act (NLRA). 29 U.S.C. § 142 ("The terms . . . 'employer', 'employee' shall have the same meaning as when used in subchapter II of this chapter.") "The term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but *shall not include* . . . any

---

[1] Plaintiff's Response in Opposition provides it "does not maintain that the Court has jurisdiction pursuant to the Labor-Management Reporting and Disclosure Act, 29 U.S.C. Section 401, *et seq*. [ECF No. 23]. Thus, I need not determine whether subject matter jurisdiction exists pursuant to the LMRA. Additionally, inasmuch as the Declaratory Judgment Act, 29 U.S.C. § 2201, requires an independent basis for subject matter jurisdiction, any claims brought pursuant to the Declaratory Judgment Act fails as the court does not have subject matter jurisdiction under the LMRA. *USF Ins. Co. v. Stowers Trucking, LLC*, 684 F. Supp. 2d 786, 789 (S.D.W. Va. 2010) ("The Act authorizes a cause of action only; the federal court must be satisfied that it possesses an independent basis for subject matter jurisdiction.").

State or political subdivision thereof[.]" 29 U.S.C. § 152(2) (emphasis added). "The term 'employee' . . . *shall not include* any individual employed . . . by any other person who is not an employer as herein defined." 29 U.S.C. §152(3) (emphasis added). A "labor organization" is defined as "any organization of any kind . . . in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers [.]" 29 U.S.C. § 152(5).

Plaintiff contends that "because UE represents private sector employees, it may bring suit under the LMRA to enforce its Constitution against locals that represent only public sector employees. This Court therefore has subject matter jurisdiction over this suit." [ECF No. 23, at 4]. Defendants claim that "Plaintiff [is] attempting to read out of the statute requirements that both parties to the dispute must be 'labor organizations' pursuant to the LMRA." [ECF No. 26, at 3]. Defendants are correct.

"[A] suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract *between such labor organizations*." *Wooddell v. Int'l Bhd. of Elec. Workers, Loc. 71*, 502 U.S. 93, 98 (1991) (emphasis added). "Congress expressly provided in § 301(a) for federal jurisdiction over contracts between an employer and a labor organization *or between labor organizations.*" *Id.* at 101 (emphasis in original).

Here, Plaintiff's Complaint provides "UE Local 170 represents hundreds of public sector employees in West Virginia." [ECF No. 1, ¶ 6; *see also* ¶ 19]. Additionally, Plaintiff asserts WVPW Local 170 is an organization set up by the former officers of UE Local 170 and refers to itself as the West Virginia Public Workers Union online. *Id.* ¶¶ 6, 29. Based on these admissions contained in the Complaint, WVPW Local 170 is not a "labor organization" pursuant to the LMRA

5

as it is a public-sector employees' labor organization. Thus, there is no contract between "labor organizations" giving rise to a claim under the LMRA.

Plaintiff's assertion that it may still bring a claim under the LMRA because it represents private sector employees is misplaced. WVPW Local 170 may not be brought before this court for violation of the UE Constitution because UE is a labor organization under the LMRA. *Am. Fed'n of State, Cnty & Mun. Employees Int'l*, 167 F. Supp. 3d 730, 741–42 (D. Md. 2016); *Am. Fed'n of Teachers, AFL-CIO v. Federacion de Maestros de Puerto Rico*, 381 F. Supp. 2d 65, 70 (D.P.R. 2005) (finding when the dispute is between a labor organization under the LMRA and an organization comprised entirely of public-sector employees, the aforementioned public-sector employees' organization may not be brought to court under the LMRA).

Similarly, inasmuch as the individual defendants are "public sector employees in West Virginia," Plaintiff may not assert claims against them under the LMRA as they are not "employees" under Act.

### IV. Conclusion

Accordingly, Defendants' Motion to Dismiss, [ECF No. 16], is **GRANTED** and the matter is **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: March 31, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE